TUCKER ELLIS LLP
Howard A. Kroll - SBN 100981
howard.kroll@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:      213.430.3400
Facsimile:      213.430.3409

Attorneys for Plaintiff
TACORI ENTERPRISES

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TACORI ENTERPRISES,<br><br>                    Plaintiff,<br><br>          v.<br><br>S. KASHI & SONS,<br><br>                    Defendant. | ) Case No. 2:18-cv-9921<br>)<br>) **COMPLAINT FOR COPYRIGHT**<br>) **INFRINGEMENT, TRADEMARK**<br>) **INFRINGEMENT, FALSE**<br>) **DESIGNATION OF ORIGIN,**<br>) **UNFAIR COMPETITION, AND**<br>) **BREACH OF CONTRACT; DEMAND**<br>) **FOR TRIAL BY JURY**<br>)<br>) |

Plaintiff, Tacori Enterprises ("Tacori"), by and through its attorneys, Tucker Ellis, LLP, files its complaint against S. Kashi & Sons ("Defendant") for injunctive relief and damages as follows:

### Subject Matter Jurisdiction and Venue

1.       This case is a civil action arising under the Trademark and Copyright Laws of the United States, 15 U.S.C. §§ 1051, *et seq.*, and 17 U.S.C. §§ 101, *et seq.*, respectively.  This Court has subject matter jurisdiction over the claims in this Complaint which relate to copyright infringement and trade dress infringement pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

2.       This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law of the State of California pursuant to 28

U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.      Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(a).  Defendant is a resident of the Central District of California because Defendant consented to personal jurisdiction in California in its 2013 settlement agreement with Tacori.  Furthermore, Tacori is informed and believes, and upon that basis alleges, that the infringing products which are the subject of this litigation are and have been distributed and offered for distribution in the Central District of California; the claims alleged in this action arose in the Central District of California; and, the Defendant transacts business in the Central District of California.

### Parties and Personal Jurisdiction

4.      Plaintiff Tacori Enterprises is a California corporation with its principal place of business at 1736 Gardena Avenue, Glendale, California.

5.      Tacori is informed and believes, and upon that basis alleges, that Defendant has its principal place of business at 175 Great Neck Road, Suite 204, Great Neck, New York 11021.  This Court has personal jurisdiction over Defendant because Defendant consented to such personal jurisdiction in its 2013 settlement agreement with Tacori.  Furthermore, Tacori is informed and believes, and upon that basis alleges, that Defendant regularly does and solicits business and derives substantial revenue from doing business within the Central District of California.  This Court also has personal jurisdiction over Defendant because Defendant has threatened and is causing actual harm to Tacori, Defendant's actions are aimed at Tacori, and the brunt of the harm Defendant knew would be suffered by Tacori within this Judicial District.

### The Business of Plaintiff Tacori Enterprises

6.      For over 35 years, Tacori has been an innovator in the design, creation, and marketing of fine jewelry.  Tacori designs its own jewelry and has created exclusive collections from only top quality platinum and 18 or 22 karat gold.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

7.     Among Tacori's original jewelry designs are pieces of jewelry which contain crescents (collectively the "Tacori Crescent Jewelry").  Each piece of the Tacori Crescent Jewelry is an original design comprising copyrightable subject matter under the laws of the United States.

8.     At all relevant times, Tacori complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq.*, and secured the exclusive rights and privileges in and to the copyright in the Tacori Crescent Jewelry.  Each piece of the Tacori Crescent Jewelry is an original work copyrightable under the Copyright Act, and has been copyrighted in full compliance with the Copyright Act.

9.     Tacori has received Certificates of Registration and Supplemental Registrations from the Register of Copyrights for the Tacori Crescent Jewelry.  The Copyright Registrations for the copyrights infringed by Defendant are attached to this Complaint as Exhibit A.

10.     Since its creation, the Tacori Crescent Jewelry has been manufactured by Tacori, or under its authority.

11.     Since the creation of the Tacori Crescent Jewelry, Tacori has been and still is the sole proprietor of all rights, title and interest in and to the copyrights in the Tacori Crescent Jewelry and the Certificates of Registration corresponding therewith.

12.     Tacori introduced the first of its distinctive and unique Tacori Crescent Jewelry in 1999.

13.     Since the introduction of its first distinctive Tacori Crescent Jewelry, Tacori has introduced additional rings and other types of jewelry, all of which incorporate the same distinctive design elements, referred to in this Complaint as the "Tacori Crescent Trade Dress."  The Tacori Crescent Trade Dress, as it applies to rings and some pieces of jewelry, is defined as ". . . the appearance of portions of two essentially concentric rings, with one of the rings having a larger diameter than the other.  Embedded between the rings are repeating semi-circles or arcs which appear contiguous to each other.  A space is created between the contiguous semi-circles or arcs."  Tacori owns a United States

trademark registration for the Tacori Crescent Trade Dress, Registration No. 3,728,425. A copy of the Registration Certificate for this registration is attached to this Complaint as Exhibit B.

14.    Tacori has introduced other rings and other types of jewelry, all of which incorporate the same distinctive design elements, referred to in this Complaint as the "Tacori Reverse Crescent Trade Dress." The Tacori Reverse Crescent Trade Dress, as it applies to rings and some pieces of jewelry, consists of "the appearance of two generally concentric ring portions, with one ring portion having a larger diameter than the other ring portion. Located between the two generally concentric ring portions are two semicircular arches forming crescent-shaped openings that appear to be adjacent to each other and are oriented with their apexes closer to the larger diameter ring portion. Located between each crescent-shaped opening is a stone." Tacori owns a United States trademark registration for the Tacori Reverse Crescent Trade Dress, Registration No. 4,024,320. A copy of the Registration Certificate for this registration is attached to this Complaint as Exhibit C.

15.    Tacori has introduced other rings and other types of jewelry, all of which incorporate the same distinctive design elements, referred to in this Complaint as the "Tacori Signature Crescent Trademark." The Tacori Signature Crescent Trademark, as it applies to rings and some pieces of jewelry, "consists of two essentially concentric rings, with one ring having a larger diameter than the other. Located between the concentric rings is an arc. A precious stone may be contained within the arc. At both sides of the arc are two generally triangular reliefs or openings through the ring." Tacori owns a United States trademark registration for the Tacori Signature Crescent Trademark, Registration No. 3,137,381. A copy of the Registration Certificate for this registration is attached to this Complaint as Exhibit D. The Tacori Crescent Trade Dress, the Tacori Reverse Crescent Trade Dress and the Tacori Signature Crescent Trademark shall collectively be referred to in this Complaint as the "Tacori Trademarks."

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

16.     Tacori has made and continues to make a substantial investment of time, effort, and expense in the design, manufacturing, and marketing of its jewelry featuring the Tacori Trademarks.

17.     Tacori advertises jewelry designs that contain the Tacori Trademarks in national publications, such as Cosmopolitan, Elegant Bride, Elle, InStyle, InStyle-Wedding, Marie Claire, Martha Stewart Wedding, Modern Bride, Robb Report, Town & Country, Vogue, and W.  Furthermore, Tacori advertises its products, particularly those with the Tacori Trademarks, in trade publications and over the World Wide Web through its website www.tacori.com.

18.     The Tacori Crescent Jewelry bearing the Tacori Trademarks has been sold to retail stores throughout the United States.  These retail stores display and offer for sale the Tacori Crescent Jewelry with the Tacori Trademarks to the general public.

19.     The Tacori Crescent Jewelry featuring the Tacori Trademarks has had outstanding commercial success.  As a result, jewelers and the public recognize the Tacori Trademarks as designating an exclusive source, thereby creating a goodwill which inures to Tacori's benefit.

### The Business of Defendant

20.     Tacori is informed and believes, and on that basis alleges, that Defendant is a wholesale manufacturer and/or distributor of jewelry to the jewelry industry and is in the business of manufacturing, marketing and selling jewelry.

21.     Defendant sells or has sold jewelry under the trade name S. Kashi.

22.     Tacori is informed and believes, and on that basis alleges, that Defendant operates its jewelry business in direct competition with Tacori's jewelry business.

23.     Tacori is informed and believes, and on that basis alleges, that Defendant sells its jewelry to, and actively solicits and seeks as customers, the same jewelers and retailers as Tacori.

Tucker Ellis LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

24.     Tacori is informed and believes, and on that basis alleges, that Defendant sells its jewelry to, and actively solicits and seeks as customers, the same consumers as Tacori.

25.     Tacori is informed and believes, and on that basis alleges, that Defendant sells its jewelry to jewelers, retailers, and consumers within this Judicial District, and specifically markets its jewelry within this Judicial District.

26.     Tacori has not authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, or distribute the Tacori Crescent Jewelry or jewelry with a design that is substantially similar to the Tacori Crescent Jewelry.

27.     Tacori has not authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, or distribute jewelry with a design that is confusingly similar to the Tacori Trademarks.

28.     In 2013, Tacori accused Defendant of selling and offering to sell jewelry which infringed the Tacori Crescent Trade Dress, the Tacori Reverse Crescent Trade Dress and the copyrights in the Tacori Crescent Jewelry.

29.     Tacori and Defendant entered into a Settlement Agreement in 2013 in which Defendant acknowledged the validity and enforceability of the Tacori Crescent Trade Dress, the Tacori Reverse Crescent Trade Dress and the copyrights in the Tacori Crescent Jewelry.  Defendant further agreed not to challenge the validity and enforceability of the Tacori Crescent Trade Dress, the Tacori Reverse Crescent Trade Dress and the copyrights in the Tacori Crescent Jewelry.  A copy of the 2013 Settlement Agreement, without exhibits, is attached to this Complaint as Exhibit E.

30.     In this 2013 Settlement Agreement, Defendant further agreed to stop selling or offering to sell jewelry that infringed the Tacori Crescent Trade Dress, the Tacori Reverse Crescent Trade Dress and the copyrights in the Tacori Crescent Jewelry.

31.     Defendant also agreed that the prevailing party in an action to enforce the terms of the 2013 Settlement Agreement would be entitled to attorney's fees, expenses and costs.

32.     In the 2013 Settlement Agreement, Defendant consented to the personal jurisdiction of the courts of California.

33.     In violation of federal copyright law, and in breach of the 2013 Settlement Agreement, Tacori is informed and believes, and on that basis alleges, that Defendant has engaged in the advertisement, manufacture, distribution, duplication and/or sale of infringing copies of the Tacori Crescent Jewelry.

34.     In violation of federal and state trademark law, and in breach of the 2013 Settlement Agreement, Tacori is informed and believes, and on that basis alleges, that Defendant has engaged in the advertisement, manufacture, distribution, duplication and/or sale of jewelry with designs that are confusingly similar to the Tacori Trademarks.

35.     Tacori is informed and believes, and on that basis alleges, that Defendant has sold or offered to sell unauthorized and infringing copies of the Tacori Crescent Jewelry, which bear designs that are confusingly similar to the Tacori Trademarks, wholesale and through retailers.  Pictures of these unauthorized and infringing copies of the Tacori Crescent Jewelry and the Tacori Trademarks are attached to this Complaint as Exhibit F.

### First Cause of Action

(Copyright Infringement)

36.     Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 35 of this Complaint as though fully set forth.

37.     Defendant's acts constitute infringement of Tacori's copyrights in the Tacori Crescent Jewelry in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.*

38.     For example, Defendant's Style D4010WG is substantially similar to Tacori's copyrighted ring design HT 2229 (Copyright Registration No. VA 1-120-166; VA 1-237-005; VA 1-327-576):



HT 2229



D4010WG

39.    For further example, Defendant's Style EN6917WG is substantially similar to Tacori's copyrighted ring design HT 2430 (Copyright Registration No. VA 1-429-110):



HT 2430



EN6917WG

40.    For further example, Defendant's Style EN7099-1 WG is substantially similar to Tacori's copyrighted ring design HT 2229 A (Copyright Registration No. VA 1-147-455; VA 1-237-015; VA 1-327-585):

8




HT 2229 A                                    EN7099-1WG

41.    For further example, Defendant's Style EN7099-50PL is substantially similar to Tacori's copyrighted ring design HT 2229 A (Copyright Registration No. VA 1-147-455; VA 1-237-015; VA 1-327-585):




HT 2229 A                                    EN7099-50PL

COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND BREACH OF CONTRACT; DEMAND FOR TRIAL

42. For further example, Defendant's Style EN7099-50WG is substantially similar to Tacori's copyrighted ring design HT 2229 A (Copyright Registration No. VA 1-147-455; VA 1-237-015; VA 1-327-585):

 

HT 2229 A                              EN7099-50WG

43. For further example, Defendant's Style EN7099-BWG is substantially similar to Tacori's copyrighted ring design HT 2259 B (Copyright Registration No. VA 1-187-167; VA 1-237-021; VA 1-327-590):

 



HT 2259 B                              EN7099-BWG

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND BREACH OF CONTRACT; DEMAND FOR TRIAL

44.    For further example, Defendant's Style EN7131-BWG is substantially similar to Tacori's copyrighted ring design HT 2510 B (Copyright Registration No. VA 1-749-171):




HT 2510 B                                    EN7131-BWG

45.    For further example, Defendant's Style EN7131-PL is substantially similar to Tacori's copyrighted ring design HT 2510 (Copyright Registration No. VA 1-649-453):




HT 2510                                        EN7131-PL

COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND BREACH OF CONTRACT; DEMAND FOR TRIAL

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

46.     For further example, Defendant's Style EN7131-WG is substantially similar to Tacori's copyrighted ring design HT 2510 (Copyright Registration No. VA 1-649-453):





HT 2510

EN7131-WG

47.     For further example, Defendant's Style EN7153-BWG is substantially similar to Tacori's copyrighted ring design HT 2259 B (Copyright Registration No. VA 1-187-167; VA 1-237-021; VA 1-327-590):





HT 2259 B

EN7153-BWG

COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND BREACH OF CONTRACT; DEMAND FOR TRIAL

48.    For further example, Defendant's Style EN7153-WG is substantially similar to Tacori's copyrighted ring design HT 2607 which is a derivative of 2620 EC LG P (Copyright Registration No. VA 1-668-685):



HT 2607                                  EN7153-WG

49.    For further example, Defendant's Style EN7206-1WG is substantially similar to Tacori's copyrighted ring design HT 2229 A (Copyright Registration No. VA 1-147-455; VA 1-237-015; VA 1-327-585):



HT 2229 A                                EN7206-1WG

COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND BREACH OF CONTRACT; DEMAND FOR TRIAL

50.   For further example, Defendant's Style EN7206-BWG is substantially similar to Tacori's copyrighted ring design HT 2259 B (Copyright Registration No. VA 1-187-167; VA 1-237-021; VA 1-327-590):




HT 2259 B                              EN7206-BWG

51.   For further example, Defendant's Style EN7408RG is substantially similar to Tacori's copyrighted ring design HT 2515 RD (Copyright Registration No. VA 1-749-235):




HT 2515 RD                             EN7408RG

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND BREACH OF CONTRACT; DEMAND FOR TRIAL

52.    For further example, Defendant's Style EN7509-BWG is substantially similar to Tacori's copyrighted ring design HT 2229 (Copyright Registration No. VA 1-120-166):



HT 2229



EN7509-BWG

53.    For further example, Defendant's Style EN7509RG is substantially similar to Tacori's copyrighted ring design HT 2229 A (Copyright Registration No. VA 1-147-455; VA 1-237-015; VA 1-327-585):



HT 2229 A



EN7509RG

54.    For further example, Defendant's Style EN7509WG is substantially similar to Tacori's copyrighted ring design HT 2229 A (Copyright Registration No. VA 1-147-455; VA 1-237-015; VA 1-327-585):

COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND BREACH OF CONTRACT; DEMAND FOR TRIAL

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis





HT 2229 A                              EN7509WG

55.    For further example, Defendant's Style EN7594-5.5MWG is substantially similar to Tacori's copyrighted ring design 2623 RD MD (Copyright Registration No. VA 1-418-917):





2623 RD MD                          EN7594-5.5MWG

56.    For further example, Defendant's Style EN8041-1RW is substantially similar to Tacori's copyrighted design FE 526 (Copyright Registration No. VA 1-331-609):

16




FE 526                              EN8041-1RW

57.     For further example, Defendant's Style EN8041-1WG is substantially similar to Tacori's copyrighted design FE 526 (Copyright Registration No. VA 1-331-609):




FE 526                              EN8041-1WG

58.     For further example, Defendant's Style EN8041-1YW is substantially similar to Tacori's copyrighted design FE 526 (Copyright Registration No. VA 1-331-609):

COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND BREACH OF CONTRACT; DEMAND FOR TRIAL



FE 526



EN8041-1YW

59.    Tacori is informed and believes that Defendant's manufacture, distribution, duplication and/or sale of infringing copies of the Tacori Crescent Jewelry was deliberate, willful, malicious, oppressive, and without regard to Tacori's proprietary rights.

60.    Defendant's copyright infringement has caused, and will continue to cause Tacori to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to the copyrights in the Tacori Crescent Jewelry and further, has damaged Tacori's business reputation and goodwill, diverted its trade, and caused loss of profits, all in an amount not yet determined.  In addition, Tacori is entitled to receive the profits made by Defendant from its wrongful acts pursuant to 17 U.S.C. § 504.  Alternatively, Tacori is entitled to recover statutory damages, on election by Tacori, in an amount of up to $150,000 for each copyrighted work sold, offered for sale or distributed.

61.    Defendant's copyright infringement, and the threat of continuing infringement has caused, and will continue to cause Tacori repeated and irreparable injury.  It would be difficult to ascertain the amount of money damages that would afford Tacori adequate relief at law for Defendant's acts and continuing acts.  Tacori's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant.  Therefore, Tacori is entitled to temporary, preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C.

18

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

§ 503 and 28 U.S.C. § 1651(a) that the infringing copies of the Tacori Crescent Jewelry, and all molds by which such infringing copies were produced, be seized, impounded and destroyed.

62.    Tacori is also entitled to recover its attorneys' fees and cost of suit pursuant to 17 U.S.C. § 505.

**Second Cause of Action**

(Trademark Infringement Under 15 U.S.C. § 1114(1))

63.    Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 62 of this Complaint as though fully set forth here.

64.    Defendant's use in commerce of Tacori's federally registered trademarks in the Tacori Trademarks is likely to cause confusion, mistake, or to deceive.

65.    For example Defendant's Style D4010WG ring design is confusingly similar to the Tacori Crescent Trade Dress:




Tacori Crescent Trade Dress                          D4010WG

66.    For further example Defendant's Style EN7408RG is confusingly similar to the Tacori Reverse Crescent Trade Dress:

COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND BREACH OF CONTRACT; DEMAND FOR TRIAL

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

TUCKER ELLIS LLP

Chicago ◆ Cleveland ◆ Columbus ◆ Houston ◆ Los Angeles ◆ San Francisco ◆ St. Louis




Tacori Reverse Crescent Trade Dress                    EN7408RG

67.    For further example Defendant's Style EN7618WG ring design is confusingly similar to the Tacori Signature Crescent Trademark:




Tacori Single Crescent Trademark

EN7618WG

68.    The above-described acts of Defendant constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Tacori to relief.

69.     Defendant has unfairly profited from the trademark infringement alleged.

70.     By reason of Defendant's acts of trademark infringement, Tacori has suffered damage to the goodwill associated with the Tacori Trademarks.

71.     Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Tacori and its federally registered trademarks.

72.     Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

73.     By reason of Defendant's acts of trademark infringement, Tacori's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant. Accordingly, Tacori is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

74.     By reason of Defendant's willful acts of trademark infringement, Tacori is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

75.     This is an exceptional case making Tacori eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### Third Cause of Action

(Trademark Infringement and False Designation of Origin

Under 15 U.S.C. § 1125(a))

76.     Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 75 of this Complaint as though fully set forth.

77.     Tacori's jewelry incorporating the Tacori Trademarks has a unique and distinctive design which designates a single source of origin.

78.     Defendant's use in commerce of the Tacori Trademarks is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendant's goods or service are authorized, sponsored or approved by or are affiliated with Tacori.

79.     The above-described acts of Defendant constitute trade dress infringement of the Tacori Trademarks and false designation of origin in violation of 15 U.S.C. § 1125(a),

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

entitling Tacori to relief.

80.    Tacori is being damaged and is likely to be damaged in the future by Defendant's infringement by reason of the likelihood that purchasers of Defendant's goods will be confused or mistaken as to source, sponsorship or affiliation of Defendant's jewelry.

81.    Defendant has unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined.

82.    By reason of the above-described acts of Defendant, Tacori has suffered and will continue to suffer damage to the goodwill associated with the Tacori Trademarks.

83.    The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Tacori and the Tacori Trademarks.

84.    The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

85.    By reason of the above-described acts of Defendant, Tacori's remedy at law is not adequate to compensate it for the injuries inflicted.  Accordingly, Tacori is entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

86.    Because the above-described acts of Defendant were willful, Tacori is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

87.    This is an exceptional case making Tacori eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### Fourth Cause of Action

(Violation of California Unfair Competition Law)

88.    Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 87 of this Complaint as though fully set forth.

89.    Tacori is informed and believes that Defendant is in direct competition with Tacori.

90.     Defendant has infringed Tacori's trademark rights and sold infringing products in violation of Tacori's proprietary rights.  Such acts constitute unfair trade practices and unfair competition under California Business and Professions Code §§ 17200, *et seq*., and under the common law of the State of California.

91.     Pursuant to California Business and Professions Code § 17203, Defendant is required to disgorge and restore to Tacori all profits and property acquired by means of Defendant's unfair competition with Tacori.

92.     Due to the conduct of the Defendant, Tacori has suffered and will continue to suffer irreparable harm. It would be difficult to ascertain the amount of money damages that would afford Tacori adequate relief at law for Defendant's acts and continuing acts.  Tacori's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant.  Accordingly, Tacori is entitled to temporary, preliminary and permanent injunctive relief pursuant to California Business and Professions Code § 17203.

93.     Tacori is informed and believes and on that basis alleges that Defendant's conduct has been intentional and willful and in conscious disregard of Tacori's rights and, therefore, Tacori is entitled to exemplary or punitive damages under the common law of the State of California in an amount appropriate to punish Defendant and to make an example of Defendant to the community.

## Fifth Cause of Action

(Breach of Contract)

94.     Tacori realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 93 of this Complaint as though fully set forth.

95.     In 2013, Tacori and Defendant entered into a Settlement Agreement.

96.     Tacori has fulfilled all obligations and taken all actions required of it pursuant to the terms of the 2013 Settlement Agreement.

97.    Pursuant to the 2013 Settlement Agreement, Defendant agreed to stop selling or offering to sell jewelry that infringed the Tacori Crescent Trade Dress, the Tacori Reverse Crescent Trade Dress and the copyrights in the Tacori Crescent Jewelry.

98.    Defendant has breached the terms of the 2013 Settlement Agreement by selling and offering to sell jewelry that is substantially similar to the copyrights in the Tacori Crescent Jewelry and that is confusingly similar to the Tacori Crescent Trade Dress and the Tacori Reverse Crescent Trade Dress.

99.    As a result of Defendant's breach of the 2013 Settlement Agreement, Tacori has been damaged.

100.    As a result of Defendant's breach of the 2013 Settlement Agreement, Tacori is entitled to its attorney's fees, expenses and costs.

**Prayer for Relief**

**Therefore**, Tacori respectfully requests judgment as follows:

1.    That the Court enter a judgment against Defendant that Defendant has:

    (a)    infringed the rights of Tacori in its federally registered trademark in the Tacori Trademarks in violation of 15 U.S.C. § 1114;

    (b)    infringed the trademark rights of Tacori in the Tacori Trademarks in violation of 15 U.S.C. § 1125;

    (c)    infringed the rights of Tacori in Tacori's federally registered copyrights under 17 U.S.C. § 501;

    (d)    competed unfairly with Tacori at common-law and in violation of California Business and Professions Code § 17200; and

    (e)    breached the 2013 Settlement Agreement with Tacori.

2.    That each of the above acts were willful.

3.    That the Court issue a Temporary Restraining Order and Preliminary Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in

24

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

conspiracy with or affiliated with Defendant, from:

    (a)    manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any jewelry that is in the possession of Defendant that is confusingly similar to the Tacori Trademarks, or that is substantially similar to the Tacori Crescent Jewelry;

    (b)    destroying any documents, electronic files, wax models, molds, business records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such jewelry; and,

    (c)    engaging in any other activity constituting an infringement of Tacori's trademarks in the Tacori Trademarks or Tacori's copyrights in the Tacori Crescent Jewelry.

4.    That Tacori be awarded damages for Defendant's trademark and trade dress infringement, and unfair competition.

5.    That Tacori be awarded Defendant's profits resulting from its infringement of Tacori's trademark and trade dress rights.

6.    That Defendant be ordered to account for and disgorge to Tacori all amounts by which Defendant has been unjustly enriched by reason of the unlawful acts complained of.

7.    That damages resulting from Defendant's willful infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117.

8.    That Tacori be awarded damages for Defendant's copyright infringement either:  (i) actual damages in an amount to be determined at trial, together with Defendant's profits derived from its unlawful infringement of Tacori's copyrights; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Tacori's election before the entry of final judgment, together with prejudgment and post-judgment interest.

9.    That Tacori be awarded all profits and property acquired by means of

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

Defendant's unfair competition with Tacori.

10.    That Tacori be awarded damages for Defendant's breach of the 2013 Settlement Agreement.

11.    That Tacori be awarded exemplary or punitive damages in an amount appropriate to punish Defendant and to make an example of Defendant to the community.

12.    That the Court issue a Permanent Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using Tacori's trademark rights in the Tacori Trademarks or infringing copies of the Tacori Crescent Jewelry.

13.    That the Court issue an Order at the conclusion of the present matter that the jewelry infringing the Tacori Trademarks and all infringing copies of the Tacori Crescent Jewelry, and all molds by which such infringing jewelry was produced, be seized, impounded and destroyed.

14.    That the Court award Tacori its reasonable attorneys' fees pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117, and any other applicable provision of law.

15.    That the Court award Tacori its reasonable attorneys' fees, expenses and costs resulting from Tacori's enforcement of the terms of the 2013 Settlement Agreement.

16.    That the Court award Tacori its costs of suit incurred herein.

COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND BREACH OF CONTRACT; DEMAND FOR TRIAL

17.  That Tacori be awarded such other relief as may be appropriate, including costs of corrective advertising.

DATED:  November 27, 2018                    TUCKER ELLIS LLP


By:    */s/ Howard A. Kroll*
       Howard A. Kroll
       howard.kroll@tuckerellis.com
       Attorneys for Plaintiff
       TACORI ENTERPRISES

# DEMAND FOR TRIAL BY JURY

Plaintiff Tacori Enterprises hereby demands a trial by jury to decide all issues so triable in this case.

DATED:  November 27, 2018

TUCKER ELLIS LLP

By:  */s/ Howard A. Kroll*

Howard A. Kroll
howard.kroll@tuckerellis.com
Attorneys for Plaintiff
TACORI ENTERPRISES

COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND BREACH OF CONTRACT; DEMAND FOR TRIAL

1368637.1

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis